UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ANTRELL VONIQUE BROWN,

          Petitioner,

v.

CHRIS KING,

          Respondent.
_____/

Case No. 1:23-cv-146

Honorable Robert J. Jonker

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious claim for habeas relief.

## Discussion

### I. Factual Allegations

Petitioner Antrell Vonique Brown is incarcerated with the Michigan Department of Corrections at the Macomb Correctional Facility (MRF) in Macomb County, Michigan. At the time he filed his petition, however, Petitioner was incarcerated at the Muskegon Correctional Facility (MCF) in Muskegon County, Michigan.

On March 24, 2014, following a two-day jury trial in the Wayne County Circuit Court, Petitioner was convicted of two counts of possession of less than 25 grams of cocaine, one count of carrying a concealed weapon, one count of felon in possession of a firearm, and one count of possession of a firearm during the commission of a felony-second offense. On April 10, 2015, the court sentenced Petitioner to concurrent prison terms of 3 years, 10 months to 15 years for the drug convictions, carrying a concealed weapon, and felon in possession of a firearm. Those sentences were to be served consecutively to a sentence of 5 years for the felony-firearm violation.

Petitioner, however, does not challenge his convictions and sentences in his habeas petition. Instead, Petitioner challenges various conditions of confinement to which he had been subjected at MCF.

Although the allegations in the petition are far-ranging and allege a myriad of state and federal constitutional violations, the crux of Petitioner's request for relief is improper (or entirely unnecessary) mental health care, including forced medication. Petitioner contends that he is entitled to release from imprisonment.

### II. Conditions of Confinement

Petitioner's request for relief is not a typical habeas petition. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411

U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983. *Id.*

The *Preiser* Court did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted). The Court, however, has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983." *Muhammad v. Close*, 540 U.S. 749, 751 n.1 (2004).

The United States Court of Appeals for the Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983."); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement. . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the

conditions of his confinement should bring suit under 42 U.S.C. § 1983."). Petitioner's claims regarding the constitutionality of his confinement are claims regarding the conditions of his confinement. Such claims should be raised by a complaint pursuant to 42 U.S.C. § 1983.

Petitioner, however, requests release from custody. Such relief is available only on habeas review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser*, 411 U.S. at 498).[1] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

In *Wilson*, the Sixth Circuit stated: "[o]ur precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. Here, however, that is not what Petitioner claims. Indeed, many of the conditions set forth by Petitioner have already occurred. Moreover, there is nothing in the petition to suggest that the conditions could not be remedied while Petitioner remains confined. Thus, unlike the petitioners in *Wilson*, Petitioner wholly fails to suggest that there are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed. Accordingly, Petitioner's allegations of intolerable conditions of confinement do not state a cognizable claim for habeas relief, and his request for relief is properly dismissed.

---

[1] The petitioners in *Wilson* were federal inmates who asserted habeas claims pursuant to 28 U.S.C. § 2241, claiming entitlement to release because of the intolerable conditions of confinement they faced because of the COVID-19 pandemic.

**III.     Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court has dismissed the petition, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

5

## **Conclusion**

The Court will enter a judgment dismissing the petition without prejudice and an order denying a certificate of appealability.


Dated:   March 14, 2023                         /s/ Robert J. Jonker
                                                                          Robert J. Jonker
                                                                          United States District Judge